HALL, Judge.
After judgments were rendered in previous appeals reducing the awards for compensation and attorney fees made by the district court in these expropriation suits, plaintiffs proceeded by rule in the district court to obtain judgment against the defendants for the difference in the amounts deposited in the registry of the court and withdrawn by the plaintiffs and the amounts of the judgments as reduced on appeal. Defendants filed exceptions of unauthorized use of summary proceedings, no cause or right of action, and res judicata. After a hearing and trial on stipulated facts, the district court rendered judgment in favor of the plaintiff against the defendants for the amounts of the surplus paid.
On appeal, defendants reurge their exceptions. For the reasons expressed in this opinion, we affirm the judgment of the district court.
Defendants contend that plaintiff was not entitled to proceed by summary process because this proceeding seeks to obtain money judgments and is not one of the exclusive matters in which summary proceedings are authorized by LSA-C.C.P. Art. 2592. Plaintiff contends this proceeding is “an incidental question arising in the course of litigation” subject to summary proceedings under LSA-C.C.P. Art. 2592(1), and we agree.
After judgments determining compensation were rendered in the district court, the amounts of the judgments were deposited in the registry of the court by plaintiff in *183 accordance with LSA-R.S. 19:8 and 10. Defendants withdrew the funds deposited. Plaintiff appealed devolutively as provided in LSA-R.S. 19:13 and, as stated, the amounts of the judgments were reduced on appeal. Southern Natural Gas Company v. Poland, 406 So.2d 657 (La.App. 2d Cir.1981), writ denied 412 So.2d 86 (La.1982), certiora-ri denied - U.S. -, 103 S.Ct. 75, 74 L.Ed.2d 73 (1982); Southern Natural Gas Company v. Sutton, 406 So.2d 669 (La.App. 2d Cir.1981), writ denied 412 So.2d 86 (La. 1982), certiorari denied-U.S.-, 103 S.Ct. 75, 74 L.Ed.2d 73 (1982). LSA-R.S. 19:13 provides that “If any change in the amount awarded is made on such appeal, the plaintiff shall pay the additional assessment or recover the surplus paid.” When the defendants failed to make payment of the surplus to the plaintiff, plaintiff was entitled to exercise its right granted under the statute regulating procedure in expropriation cases, as a further step in and incidental to the expropriation litigation, by summary proceeding. Recovery of the surplus paid is simply the final step in the expropriation procedure provided by LSA-R.S. 19:1, et seq., which begins with the filing of a petition, continues through trial and appeal, and ends, if any change in the amount awarded is made on appeal, with payment of any additional amount due or recovery of any surplus paid. Defendants’ exception of unauthorized use of summary proceedings was correctly rejected.
The exceptions of no cause or right of action and res judicata are also without merit and were properly rejected. The amounts of the awards and not recovery of the surplus were at issue in the previous appeals. The right to recover the surplus paid flows from the judgments rendered on the previous appeals and the cause of action for recovery of the surplus arose only upon rendition of those judgments. Had the issue of recovery of the surplus been presented on the previous appeals, this court could have rendered judgment for the surplus if the record reflected prior payment to the defendants as was done in State, Department of Highways v. Thurman, 231 So.2d 692 (La.App. 1st Cir.1970), or could have remanded for further proceedings as was done in Recreation and Park Commission v. German, 202 So.2d 469 (La.App. 1st Cir. 1967). However, the right to recover the surplus is implicit in the prior judgments and express in the statute. The judgments give rise to the right to recover the surplus rather than preclude that right as contended by defendants.
The judgment of the district court is affirmed, at appellants’ costs.
Affirmed.